[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #105
The plaintiffs, Howard L. Pfeffer and Patricia A. Maeiko, filed a four-count amended complaint on August 25, 1997 against the defendants, Patrick J. Fontana and Judith Fontana. The plaintiffs allege that they entered into a written sale contract on or about April 19, 1996, whereby the plaintiffs agreed to purchase the defendants' real property located at 16 Franklin Avenue, Westport, Connecticut. The plaintiffs allege that the defendants made certain representations as to the condition of the property, namely, that the property was free of leaks and/or water seepage and would be free of leaks and water seepage at the time of closing. The plaintiffs further allege that the defendants made these representations despite that fact that the defendants knew the property had a serious and ongoing water seepage and flooding condition. The plaintiffs allege that they have experienced substantial flooding problems in the basement and driveway areas of the property since moving to the property on October 19, 1996.
On October 31, 1997, the defendants filed a motion to strike count four of the amended complaint brought under the Connecticut Unfair Trade Practices Act (CUTPA) on the ground that CUTPA does not apply to the isolated sale of residential property by persons not in the business of selling real property.[1] The plaintiffs filed an objection to the motion to strike on November 25, 1997. The matter was heard by the court on December 1, 1997.
DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corporation,240 Conn. 576, 580, 693 A.2d 293 (1997). CT Page 14000
The defendants argue that although there is a split of authority within the Superior Court as to whether the isolated sale of a residence by persons not in the business of selling real property can constitute a violation actionable under CUTPA, the better reasoned majority of cases have held that such an action does not lie. The plaintiffs argue that CUTPA is to be construed liberally to provide a remedial effect and encompass a broader range of activity than that prescribed by common law. The plaintiffs also argue that the Appellate Court has found that CUTPA applies to the circumstances of this case.[2]
"The purpose of CUTPA is to protect the public from unfair practices in the conduct of any trade or commerce. . . ." Krawiecv. Blake Manor Development Corp., 26 Conn. App. 601, 607,602 A.2d 1062 (1992). "[T]o allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a trade or business." Pergament v. Green,32 Conn. App. 644, 655, 630 A.2d 615, cert. denied, 228 Conn. 903,634 A.2d 296 (1993).[3]
"The Connecticut Unfair Trade Practices Act, General Statutes, § 42-110 (b)(a), has been construed liberally to apply to a single transaction the majority of times. However, usually when CUTPA is held to apply to a single transaction, the defendant is an entity or an individual engaged in a business activity which is at the heart of the complaint and the alleged violation." (Internal quotation marks omitted.) Jokl v. Watt, Superior Court, judicial district of New Haven at New Haven, Docket No. 372000 (February 28, 1996, Gray, J.) (in action for breach of contract arising from the purchase of property sold to the plaintiffs by the defendants, court adopts the reasoning of those courts which have declined to hold CUTPA applicable to a single private transaction by a person not employed in the business of making the transaction in question). "CUTPA was designed to protect unwary consumers dealing with professional businesses or business people in a transaction which is part of that business." Mayer-Whittman Joint Ventures Inc. v. GuntherInternational Limited, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 134790 (October 21, 1994, Lewis, J.) (9 C.S.C.R. 1212, 1213). "CUTPA cannot be read to cover a single transaction between individuals which is not in the ordinary course of a trade or business. The intent of CUTPA is to punish those who conduct trade or business in an unscrupulous fashion." McCarthy v. Fingelly, Superior Court, CT Page 14001 judicial district of Fairfield at Bridgeport, Docket No. 268839 (May 28, 1991, Katz, J.) (4 Conn. L. Rptr. 177).
The court feels that the one time sale of a private residence by private individuals not in the business of selling real property should not be actionable under CUTPA. This position is supported by case law and the stance of the attorney general.[4] "CUTPA is not applicable to this type of one time sale by private parties. There is no evidence that the sale of residences was the defendant's trade or business." McNeil v.Riccio, Superior Court, judicial district of New Haven, Docket No. 368563 (July 19, 1995, Booth, J.). Most recently, in Doty v.Silver, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293192 (February 24, 1995, Hauser, J.), the court specifically held "that an isolated private sale of real estate by one not in the business of doing so, is not encompassed within the `trade or commerce' language of the CUTPA statute (§ 42-110b)." See, e.g., New Horizons Realty, Inc. v.Goodby, Superior Court, judicial district of Middlesex, Docket No. 068068 (July 25, 1994, Gaffney, J.) (CUTPA inapplicable where one-time sale of real estate by individual defendants not in business of making such sales); Jakab v. Sewell, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 046054 (June 3, 1994, Rush, J.) (an isolated private sale of real estate by one not in the business of doing so is not encompassed within the "trade or commerce" language of General Statutes § 42-110b);Skinner v. Till, Superior Court, judicial district of New London, Docket No. 514857 (April 16, 1991, Teller, J.) (6 C.S.C.R. 511) (CUTPA does not include a single, solitary sale of a home by a seller not engaged in the trade or business); Bertrum v. Miller, Superior Court, judicial district of Litchfield, Docket No. 046559 (February 8, 1989, Pickett, J.) (4 C.S.C.R. 244, 245) (the isolated purchase of a personal residence does not constitute a CUTPA claim if the persons are not acting in a professional or business context);Keeler v. Deuth, Superior Court, judicial district of Waterbury, Docket No. 083941 (September 2, 1988, Healey, J.) (3 C.S.C.R. 764) (CUTPA does not apply to a private individual, one-time seller of a business not in the business of selling businesses).[5]
Therefore the court concludes that a one time sale of a private residence by the defendants, who are not engaged in the real estate trade, is not covered by CUTPA. Accordingly, the defendant motion to strike count four of the amended complaint is granted. CT Page 14002
Skolnick J.